IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 3:18-cr-00010-HZ-1 |
| Plaintiff, | OPINION & ORDER |
| v. | |
| Arley GONZALEZ, | |
| Defendant. | |

Sarah Barr
United States Attorney's Office
1000 SW Third Ave, Ste 600
Portland, OR 97204

　　　Attorney for Plaintiff

Arley Gonzalez
USP Atlanta
PO Box 150160
Atlanta, GA 30315

　　　*Pro se*

1 – OPINION & ORDER

HERNÁNDEZ, District Judge:

Defendant Arley Gonzalez moves pro se for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2). ECF 483. The Government opposes the motion. ECF 484. For the following reasons, the Court denies the motion.

## BACKGROUND

On October 7, 2019, Defendant pled guilty to conspiracy to commit bank fraud, aggravated identity theft, and conspiracy to commit money laundering, in violation of 18 U.S.C. §§ 1349, 1028A and 2, and 1956(h). ECF 239, 240. On February 24, 2020, Defendant was sentenced to 57 months. ECF 302. Defendant is currently serving his sentence at USP Atlanta. Defendant previously moved for a reduction of his sentence to time served based on the effect of the COVID-19 pandemic. ECF 410. The Court denied the motion on August 27, 2021. ECF 418.

## STANDARDS

A federal district court generally "may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c); *see also* Dillon v. United States, 560 U.S. 817, 824-25 (2010).

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

## DISCUSSION

Defendant moves to reduce his sentence based on the enactment of Amendment 821 to the Sentencing Guidelines. Def. Mot. 1. Part A and Part B, Subpart 1, of Amendment 821 apply retroactively to qualifying defendants. U.S.S.G. § 1B1.10(d) (Nov. 1, 2023). Part A provides for
2 – OPINION & ORDER

elimination or reduction of so-called status points for certain defendants who committed their offense while subject to a criminal justice sentence. U.S.S.G. § 4A1.1. Part B, Subpart 1, provides for a two-level reduction in offense levels for offenders who meet ten listed criteria. *Id.* § 4C1.1(a). The first criterion is that "the defendant did not receive any criminal history points from Chapter Four, Part A." *Id.* § 4C1.1(a)(1).

The Government correctly states that Defendant is ineligible to reduce his sentence under Part B, Subpart 1, because he received one criminal history point under Chapter 4, Part A. Gov. Resp. 4 (citing PSR ¶¶ 51-52). *See also* Statement of Reasons, ECF 303 (adopting PSR without changes). Because Defendant does not meet the first criterion of section 4C1.1, he is ineligible for the two-level reduction in his offense level. The Government also correctly points out that Defendant does not appear to base his Motion on Part A of Amendment 821, and that he is ineligible for relief under that provision because he did not receive status points. Gov. Resp. 4. *See* PSR. As Defendant is not eligible for relief, the Court need not address the sentencing factors or applicable policy statement.

## CONCLUSION

Defendant's Motion for Sentence Reduction [483] is DENIED.

IT IS SO ORDERED.

DATED:_____May 5, 2024_____.

_____
MARCO A. HERNANDEZ
United States District Judge

3 – OPINION & ORDER